# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR LEE WILLIAMS,** | : | **CIVIL NO. 3:15-CV-1992** |
| | : | |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **CAPT. S. SPAULDING, WARDEN** | : | |
| **FCI, ALLENWOOD,** | : | |
| | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Arthur Lee Williams ("Williams"), a federal inmate incarcerated at the Federal Correctional Complex, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I.   **Background**

"On February 23, 2000 a jury found Williams guilty of Conspiracy to Distribute Crack Cocaine, in violation of 21 U.S.C. § 846; Conspiracy to Use or Carry a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 934(o); Aiding and Abetting in the Use

---

[1]Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

of a Firearm to Commit Murder During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(j); and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1)." See Doc. 165, United States District Court for the Eastern District of Virginia electronic docket, United States v. Williams, 3:99-cr-00312-HEH. He was sentenced to life imprisonment on June 8, 2000. Id. He pursued an appeal and, on September 21, 2001, the United States Court of Appeals for the Fourth Circuit affirmed the conviction. Id. at Doc. 93.

On January 21, 2003, Williams filed a motion to vacate pursuant to 28 U.S.C. § 2255. Id. at Doc. 97. The motion was denied on June 22, 2004. Id. at Doc. 118. Thereafter, Williams filed a motion to alter or amend the judgment, which was denied on July 5, 2005. Id. at Docs. 122, 134. The district court declined to issue a certificate of appealability. Id. At Doc. 137. Williams sought a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, which was denied on March 30, 2006. Id. at Docs. 138, 139. He sought rehearing and, on June 22, 2006, the Fourth Circuit denied the request for a certificate of appealability and dismissed the appeal. Id. at Doc. 140-42. Recently, Williams filed a motion to reduce his sentence in the trial court. Id. at Doc. 159. The motion was denied on November 3, 2015. Id. at Doc. 165.

Williams filed the instant petition for writ of habeas corpus seeking to have his convictions and sentence vacated based on the Supreme Court of the United States cases of Johnson v. United States, — U.S. — , 135 S.Ct. 2551 (2015) (finding that an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the

Constitution) and <u>Rosemond v. United States</u>, — U.S. —, 134 S.Ct. 1240 (2014) (holding that with respect to a charge of aiding and abetting the offense of using a firearm in the commission of a violent crime or drug felony, 18 U.S.C. § 924(c), an unarmed defendant must be proven to have had advance knowledge that his confederate would carry a gun). (Doc. 1, pp. 1-2).

## II.     **Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002) (citing <u>Davis v. United States</u>, 417 U.S. 333, 342 (1974)); <u>see</u> <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255(h); 28 U.S.C. 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy by motion under § 2255 would be inadequate or ineffective to test the legality of detention.  <u>See</u> 28 U.S.C. § 2255(e); <u>see</u> <u>Okereke</u>, 307 F. 3d at 120; <u>see</u> <u>Dorsainvil</u>, 119 F.3d at 251-52.  Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision."  <u>Dorsainvil</u>, 119 F.3d at 251–52.

Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." Id., citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.") see also United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

In the instant petition, Williams relies on Johnson is asserting that he was improperly sentenced as an armed career criminal.  (Doc. 1, p. 7).  He argues that "[u]nder Johnson, [his] [sic] prior convictions under §§ 18.2-90 and 18.2-58 do not qualify for § 924(e) treatment. Absent application of § 924(e), [he] would have been subjected to the ten year statutory maximum of § 922 (g)(1).  Accordingly, under the fact that [he] received a life sentence for this count, the error under Johnson is prejudicial and a denial of due process persist[s]." (Id., (citation omitted)).  In Johnson, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act violates the Constitution's guarantee of Due

Process due to vagueness. Johnson, 135 S.Ct. at 2563. Because Williams is ultimately challenging his conviction and sentence, his claims are controlled by 28 U.S.C. § 2255. See Wallace v. Bledsoe, No. 1:11-CV-132, 2011 WL 766641, * 3 (M.D. Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255); Pryce v. Scism, Civil No. 1:10-CV-1680, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). Accordingly, the petition is subject to dismissal on this ground.

With respect to his second claim, the Rosemond, 134 S.Ct. 1240 case does not bring his claim within the savings clause. Although there is no controlling authority directly addressing whether a Rosemond claim can be brought in a habeas petition *via* § 2255's savings clause, Supreme Court holdings made after a conviction has become final may not be used as the basis for a collateral challenge to that conviction unless the rule has retroactive effect. See, e.g., Schriro v. Summerlin, 542 U.S. 348 (2004). Nowhere in Rosemond did the Court indicate that it intended its holding to be applied retroactively, and the rule set forth in Rosemond does not appear to meet the qualifications for retroactive application initially set

forth in Teague v. Lane, 489 U.S. 288 (1989).[2] Further, federal courts faced with similar challenges have universally concluded that Rosemond does not apply retroactively. See, e.g., United States v. Newman, 755 F.3d 543, 546–47 (7th Cir. 2014) (discussing Rosemond in context of direct appeal from conspiracy conviction); United States v. Davis, 750 F.3d 1186, 1192–93 (10th Cir. 2014) (suggesting prospective application only: "After Rosemond, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); Rodriguez v. Thomas, 1:14-CV-1121, 2015 WL 179057, *5 (M.D. Pa. January 14, 2015);  Taniguchi v. Butler, 14–CV–120, 2014 WL 5063748 (E.D.Ky. 2014, Oct. 8, 2014); Rodriguez–Pena v. Werlich, 14–CV–994, 2014 WL 4273631, *2 (W.D.La. 2014 Aug. 19, 2014)  Martinez v. United States, 3:14–CV–1359-L, 2014 WL 3361748, *2 (N.D.Tex. July 9, 2014).  Since the rule articulated in Rosemond does not apply retroactively to cases on collateral review, the section 2255 savings clause is unavailable to Williams.

Significantly, review of the habeas petition and electronic state court criminal docket reveals that Williams has not sought permission in the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive Section 2255

---

[2] In order to have retroactive application, a Supreme Court holding must set forth a "new rule" that is either "substantive" or is a " 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Schriro v. Summerlin, 542 at 351–52 (2004). The holding in a given case qualifies as a "new rule" if it "breaks new ground or imposes a new obligation on the States or the Federal Government" and if "the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301.  Rosemond does not appear to satisfy the requirement of constituting a "new rule," as the Court gave no indication that its holding broke "new ground," and explained at length that its holding was in fact dictated by existing precedent.  See Rosemond, 134 S.Ct. at 1248–49.

motion to challenge his conviction or sentence.

### III. CONCLUSION

For the above stated reasons, the court will dismiss the instant petition filed under 28 U.S.C. § 2241, for lack of jurisdiction, without prejudice to Williams to seek leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fourth Circuit.

An appropriate order will issue.

                                      **BY THE COURT:**

                                      **s/James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

Dated:       December 9, 2015